IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                            CAUSE NO. 1:24cr0056-LG-BWR-1

**ERNEST MALLETY**

### ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Defendant Ernest Mallety asks the Court for early termination of his term of supervised release. The United States Probation Office opposes Mallety's request. After reviewing the record in this matter, and the applicable law, the Court finds that Mallety's [3] Motion should be denied.

### BACKGROUND

On August 25, 2010, a jury found Mallety guilty of:

- Count 1 – Conspiracy to Possess with Intent to Distribute Five (5) Kilograms or More of a Mixture and Substance Containing a Detectable Amount of Cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846
- Count 2 – Conspiracy to Use a Cellular Telephone to Facilitate a Crime in violation of 21 U.S.C. §§ 841(a), 843(b) and 846
- Count 3 - Possession of a Firearm in Furtherance of Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)

The Northern District Court of Florida sentenced Mallety to a total term of 235 months imprisonment followed by a term of supervised release of 5 years. *United States v. Mallety*, 3:10-cr-00043-MCR-CJK-9 (N.D. Fla. Jan. 9, 2013), ECF No. 495.

On June 3, 2020, the BOP released Mallety to home confinement under the Coronavirus Aid, Relief and Economic Surety Act ("CARES Act") after having served approximately 108 months in BOP custody. *United States v. Mallety*, 3:10-cr-00043-MCR-CJK-9 (N.D. Fla. Jan. 10, 2023), ECF No. 769 at 2.

In 2021, Mallety moved for compassionate release from the remainder of his sentence or, in the alternative, that it be converted to supervised release. *United States v. Mallety*, 3:10-cr-00043-MCR-CJK-9 (N.D. Fla. Apr. 4, 2024), ECF No. 762. While this Motion was originally denied, Mallety filed a Motion for Reconsideration which the Court granted. *United States v. Mallety*, 3:10-cr-00043-MCR-CJK-9 (N.D. Fla. Apr. 4, 2024), ECF No. 762. On April 22, 2024, the Court reduced Mallety's sentence time served followed by a term of supervised release of 3 years. *United States v. Mallety*, 3:10-cr-00043-MCR-CJK-9 (N.D. Fla. Apr. 4, 2024), ECF No. 774 at 5.

Mallety's supervised release commenced on April 24, 2024, and thereafter, his supervised release was transferred to the Southern District of Mississippi on May 13, 2024.

In his present Motion, Mallety cites his "questionable" health, age, and the "life altering illness" of his remaining siblings as grounds for early termination of his supervised release. Def.'s Mot. [3] at 1. Additionally, he states:

> I would like to be able to be present, and possibly visit each of them while we are all able to fellowship without the restrictions of probation. All of my siblings live in various parts ranging from Texas, to North Carolina, as well as Pensacola.

*Id.* He seeks early termination so that he can "enjoy what time I have left with my family and siblings." *Id.*

Mallety does not allege compliance with the terms of his supervised release as a ground for early termination nor that there are extraordinary circumstances warranting early termination of his supervised release.

## DISCUSSION

Early termination of supervised release is governed by 18 U.S.C. § 3583(e)(1), which provides:

> The court may, after considering the factors set forth in section 3553(a), . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

By reference to the provisions of § 3553(a), "[t]he statute directs the court to take into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence." *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998). "[C]ompliance with all conditions is expected of an individual on supervised release, . . . and non-compliance is a ground for revocation." *United States v. Hale*, 127 F.4th 638, 641 (6th Cir. 2025) (quotation altered). In *Hale*, the Sixth Circuit clarified that Section 3583(e)(1) does not require a finding of exceptionally good behavior or a change in circumstances before a court can grant early termination. *Id.* However, "[t]hat is not to say that a district court may not consider whether a defendant exhibited

'exceptionally good behavior' when exercising its broad discretion to resolve motions for early termination of supervised release." *Id.* As a result, it is permissible for courts to "generally find early termination proper only when exceptionally good conduct or other changed circumstances are present." *Id.*

Mallety previously received a substantial sentence reduction.[1] His original sentence of 235 months imprisonment and 5 years of supervised release was reduced to time-served and 3 years supervised release in 2024.

Mallety cites his health as grounds for early termination of his supervised release; however, he has not provided any information to this Court that his supervised release impedes his ability to obtain necessary medical treatment. Finally, Mallety states he would like to "be present, and possibly visit" family in support of his motion for termination of supervised release. The United States Probation Office regularly and routinely approves verifiable travel requests for reasons such as visiting family. Mallety's supervising officer recently approved travel to allow Mallety to visit his family. As such, his supervised release does not hinder him from visiting family.

## CONCLUSION

Mallety has not demonstrated that there have been significant or compelling changes in his circumstances since March 22, 2024, to justify early termination of

---

[1] The District Court for the Northern District of Florida has previously taken Mallety's health conditions and age into consideration in reducing his sentence to home confinement and later to time-served and Mallety received the benefit of that consideration.

-5-

his supervised release. The Court has also considered the seriousness of Mallety's offenses and all other § 3553(a) factors. Mallety was convicted of drug and firearm offenses. His criminal history reflects multiple convictions for assault and a conviction for domestic violence. The severity of the offense committed by Mallety and the desire to deter similar conduct in the future weigh against reducing or terminating Mallety's term of supervised release.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant Ernest Mallety's [3] Motion for Early Termination of Supervised Release is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 24th day of October, 2025.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE